UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

JONATHAN AGRAMONTE, *on behalf of himself and all other similarly situated employees*,

                Plaintiff,              Index No. 14-CV-1790 (HB)

   -against-                                 ANSWER

ST MANAGEMENT GROUP, INC., STEVE TENEDIOS, JOHN ZAMFOTIS, 42ND STREET BAKERY, LLC d/b/a CAFÉ METRO, 1211 BAKE OPERATING, LLC d/b/a FRESH & CO., CAFÉ METRO, FRESH & CO., FOOD MERCHANTS CAFÉ, FOOD EXCHANGE and FLAVORS,

                Defendants.
-------------------------------------------------------------------X

Defendants ST MANAGEMENT GROUP, INC., STEVE TENEDIOS, JOHN ZAMFOTIS, 42ND STREET BAKERY, LLC d/b/a CAFÉ METRO, 1211 BAKE OPERATING, LLC d/b/a FRESH & CO., CAFÉ METRO, FRESH & CO., FOOD MERCHANTS CAFÉ, FOOD EXCHANGE and FLAVORS, by their attorneys Hoffmann & Associates, for their answer to the complaint herein, aver as follows:

### NATURE OF THE ACTION

1. Deny the allegations set forth in paragraph 1 of the complaint, but admit that plaintiff worked at Café Metro located at 14 East 42nd Street as a delivery person for eight days in May 2013.

2. Deny the allegations set forth in paragraph 2 of the complaint, but admit that plaintiff worked at Café Metro located at 14 East 42nd Street as a delivery person for eight days in May 2013.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the complaint.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the complaint.

## JURISDICTION AND VENUE

5. Admit the allegations set forth in paragraph 5 of the complaint.

6. Admit the allegations set forth in paragraph 6 of the complaint.

7. Admit the allegations set forth in paragraph 7 of the complaint.

8. Admit the allegations set forth in paragraph 8 of the complaint.

9. Deny the allegations set forth in paragraph 9 of the complaint.

10. Admit the allegations set forth in paragraph 10 of the complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the complaint.

12. Admit the allegations set forth in paragraph 12 of the complaint.

## PARTIES

13. Deny the allegations set forth in paragraph 13 of the complaint, but admit that plaintiff worked at Café Metro located at 14 East 42nd Street as a delivery person for eight days in May 2013.

14. Deny the allegations set forth in paragraph 14 of the complaint.

15. Admit the allegations set forth in paragraph 15 of the complaint.

16. Deny the allegations set forth in paragraph 16 of the complaint.

17. Admit the allegations set forth in paragraph 17 of the complaint.

18. Deny the allegations set forth in paragraph 18 of the complaint.

19. Deny the allegations set forth in paragraph 19 of the complaint.

20. Deny the allegations set forth in paragraph 20 of the complaint.

21. Deny the allegations set forth in paragraph 21 of the complaint.

22. Deny the allegations set forth in paragraph 22 of the complaint.

23. Deny the allegations set forth in paragraph 23 of the complaint.

24. Deny the allegations set forth in paragraph 24 of the complaint.

25. Deny the allegations set forth in paragraph 25 of the complaint.

26. Deny the allegations set forth in paragraph 26 of the complaint.

### THE CAFÉ METRO GROUP IS A UNIFIED EMPLOYER

27. Deny the allegations set forth in paragraph 27 of the complaint.

28. Deny the allegations set forth in paragraph 28 of the complaint.

29. Deny the allegations set forth in paragraph 29 of the complaint.

30. Deny the allegations set forth in paragraph 30 of the complaint.

31. Deny the allegations set forth in paragraph 31 of the complaint.

32. Deny the allegations set forth in paragraph 32 of the complaint.

33. Deny the allegations set forth in paragraph 33 of the complaint.

34. Deny the allegations set forth in paragraph 34 of the complaint.

35. Deny the allegations set forth in paragraph 35 of the complaint.

### FACTS SPECIFIC TO PLAINTIFF JONATHAN AGRAMONTE

36. Admit the allegations set forth in paragraph 36 of the complaint.

37. Deny the allegations set forth in paragraph 37 of the complaint.

38. Deny the allegations set forth in paragraph 38 of the complaint.

39. Deny the allegations set forth in paragraph 39 of the complaint.

40. Deny the allegations set forth in paragraph 40 of the complaint.

41. Deny the allegations set forth in paragraph 41 of the complaint.

## FACTS REGARDING RETALIATION

42. Deny the allegations set forth in paragraph 42 of the complaint.

43. Deny the allegations set forth in paragraph 43 of the complaint.

44. Deny the allegations set forth in paragraph 44 of the complaint.

45. Deny the allegations set forth in paragraph 45 of the complaint.

46. Deny the allegations set forth in paragraph 46 of the complaint.

47. Deny the allegations set forth in paragraph 47 of the complaint.

## CLASS AND COLLECTIVE ALLEGATIONS

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of the complaint.

49. Deny the allegations set forth in paragraph 49 of the complaint.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the complaint.

51. Deny the allegations set forth in paragraph 51 of the complaint.

52. Deny the allegations set forth in paragraph 52 of the complaint.

53. Deny the allegations set forth in paragraph 53 of the complaint.

54. Deny the allegations set forth in paragraph 54 of the complaint.

55. Deny the allegations set forth in paragraph 55 of the complaint.

56. Deny the allegations set forth in paragraph 56 of the complaint.

57. Deny the allegations set forth in paragraph 57 of the complaint.

58. Deny the allegations set forth in paragraph 58 of the complaint.

59. Deny the allegations set forth in paragraph 59 of the complaint.

### Defendants' General Employment Practices Applicable to the
### Plaintiff and All Similarly Situated Employees

60. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 of the complaint.

61. Deny the allegations set forth in paragraph 61 of the complaint.

62. Deny the allegations set forth in paragraph 62 of the complaint.

63. Deny the allegations set forth in paragraph 63 of the complaint.

64. Deny the allegations set forth in paragraph 64 of the complaint.

65. Deny the allegations set forth in paragraph 65 of the complaint.

66. Deny the allegations set forth in paragraph 66 of the complaint.

67. Deny the allegations set forth in paragraph 67 of the complaint.

68. Deny the allegations set forth in paragraph 68 of the complaint.

69. Deny the allegations set forth in paragraph 69 of the complaint.

70. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 70 of the complaint.

71. Deny the allegations set forth in paragraph 71 of the complaint.

72. Deny the allegations set forth in paragraph 72 of the complaint.

73. Deny the allegations set forth in paragraph 73 of the complaint.

74. Admit the allegations set forth in paragraph 74 of the complaint.

75. Deny the allegations set forth in paragraph 75 of the complaint.

76. Deny the allegations set forth in paragraph 76 of the complaint.

77. Deny the allegations set forth in paragraph 77 of the complaint

78. Deny the allegations set forth in paragraph 78 of the complaint.

79. Deny the allegations set forth in paragraph 79 of the complaint.

80. Deny the allegations set forth in paragraph 80 of the complaint.

81. Deny the allegations set forth in paragraph 81 of the complaint.

**Defendants Do Not Provide Statutorily-Required Breaks**

82. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 82 of the complaint.

83. Deny the allegations set forth in paragraph 83 of the complaint.

84. Deny the allegations set forth in paragraph 84 of the complaint.

85. Deny the allegations set forth in paragraph 85 of the complaint.

### FIRST CAUSE OF ACTION
**(Fair Labor Standards Act – Failure to Pay Minimum Wage)**
**(Brought on Behalf of Plaintiff and all FLSA Class Members)**

86. Repeat and reallege their responses to the allegations set forth in paragraphs 1-85 of the complaint.

87. Deny the allegations set forth in paragraph 87 of the complaint.

88. Deny the allegations set forth in paragraph 88 of the complaint.

89. Deny the allegations set forth in paragraph 89 of the complaint.

### SECOND CAUSE OF ACTION
**(New York Labor law: Unpaid Minimum Wages)**
**(Brought on Behalf of Plaintiff and all Rule 23 Class Members)**

90. Repeat and reallege their responses to the allegations set forth in paragraphs 1-89 of the complaint.

91. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 91 of the complaint.

92. Admit the allegations set forth in paragraph 92 of the complaint.

93. Deny the allegations set forth in paragraph 93 of the complaint.

94. Deny the allegations set forth in paragraph 94 of the complaint.

### THIRD CAUSE OF ACTION
### (Violation of NYLL – Unpaid Wages)
### (Brought on Behalf of Plaintiff and all Rule 23 Class Members)

95. Repeat and reallege their responses to the allegations set forth in paragraphs 1-94 of the complaint.

96. Admit the allegations set forth in paragraph 96 of the complaint.

97. Deny the allegations set forth in paragraph 97 of the complaint.

98. Deny the allegations set forth in paragraph 98 of the complaint.

99. Deny the allegations set forth in paragraph 99 of the complaint.

### FOURTH CAUSE OF ACTION
### (Violation of NYLL – Failure to Provide Meal Periods)
### (Brought on Behalf of All Plaintiff and all Rule 23 Class Members)

100. Repeat and reallege their responses to the allegations set forth in paragraphs 1-99 of the complaint.

101. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 101 of the complaint.

102. Deny the allegations set forth in paragraph 102 of the complaint.

103. Deny the allegations set forth in paragraph 103 of the complaint.

### FIFTH CAUSE OF ACTION
### (Violation of NYLL – Failure to Provide Meal Periods)
### (Brought on Behalf of All Plaintiff and all Rule 23 Class Members)

104. Repeat and reallege their responses to the allegations set forth in paragraphs 1-103 of the complaint.

105. Admit the allegations set forth in paragraph 105 of the complaint.

106. Deny the allegations set forth in paragraph 106 of the complaint.

107. Deny the allegations set forth in paragraph 107 of the complaint.

## SIXTH CAUSE OF ACTION
### (*Fair Labor Standards Act – Retaliation*)
### (Against all Defendants by Plaintiff Agramonte)

108. Repeat and reallege their responses to the allegations set forth in paragraphs 1-107 of the complaint.

109. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 109 of the complaint.

110. Admit the allegations set forth in paragraph 110 of the complaint.

111. Deny the allegations set forth in paragraph 111 of the complaint.

112. Deny the allegations set forth in paragraph 112 of the complaint.

113. Deny the allegations set forth in paragraph 113 of the complaint.

114. Deny the allegations set forth in paragraph 114 of the complaint.

115. Deny the allegations set forth in paragraph 115 of the complaint.

### FIRST AFFIRMATIVE DEFENSE

116. Plantiff's allegations against defendants fail to set forth legally cognizable claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

117. Plaintiff's claims are barred by the doctrines of estoppel, laches, waiver and unclean hands.

### THIRD AFFIRMATIVE DEFENSE

118. Plaintiff's purported claims fail to set forth a sufficient factual showing in support of class or collective action certification.

## FOURTH AFFIRMATIVE DEFENSE

119.  Plaintiff's allegations are demonstrably false and subject plaintiff and his counsel, Richard Garbarini, Esq. to sanctions pursuant to Rule 11, Federal Rules of Civil Procedure.

**WHEREFORE,** defendants ST Management Group, Inc., Steve Tenedios, John Zamfotis, 42nd Street Baker, LLC d/b/a Café Metro, 1211 Bake Operating, LLC d/b/a Fresh & Co., Café Metro, Fresh & Co., Food Merchants Café, Food Exchange and Flavors demand that the complaint be dismissed in its entirety and that they each be awarded the costs, disbursements and reasonable attorneys' fees necessitated by this action and such further relief as the Court shall deem appropriate.

Dated: New York New York
April 15th, 2014

Respectfully submitted,

HOFFMANN & ASSOCIATES

By: _____
Andrew S. Hoffmann, Esq.
*Attorneys for Defendants ST Management Group, Inc., Steve Tenedio, John Zamfotis, 42nd Street Bakery, LLC d/b/a Café Metro, 1211 Bake Operating, LLC d/b/a Fresh & Co., Café Metro, Fresh & Co., Food Merchants Café, Food Exchange and Flavors*
450 Seventh Avenue, Suite 1400
New York, New York 10123
Tel (212) 679-0400
Fax (212) 679-1080