**HOFFMANN & ASSOCIATES**
Attorneys at Law
450 Seventh Avenue, Suite 1400
New York, New York 10123
Tel. (212) 679-0400
Fax (212) 679-1080

ANDREW S. HOFFMANN*

TRAM D. LOPRESTO

*Admitted in New York and Ohio

April 10, 2014

<u>Via Email: rgarbarini@garbarinilaw.com</u>
Richard M. Garbarini, Esq.
Garbarini Fitzgerald P.C.
420 Lexington Ave, Suite 2743
New York, New York 10170

          Re:  Jonathan Agramonte v. ST
             Management Group, Inc., et al.

Dear Mr. Garbarini,

   We are in receipt of the first amended complaint you have filed in the above-captioned matter.

   A review of your latest pleading reveals that you and your client took the information and documentation we provided to you in response to your initial pleading, and have recast your concocted story to navigate around the documented facts as you now know them. In this regard, you have crossed the line from an ill informed attorney representing a dishonest client to now serving as a full and knowing partner in suborning Mr. Agramonte's perjury.

   Such conduct is completely at odds with your obligations pursuant to Rule 11, FRCP and will be dealt with at the appropriate time.

   To wit, your amended complaint sets forth allegations which are materially at odds with your initial pleading in the following respects:

| **Initial Complaint** | **Amended Complaint** |
|---|---|
| 1. Plaintiff claimed he worked at 370 Lexington Avenue. See Complaint at ¶ 1 | Plaintiff *now* claims he worked at 14 East 42nd Street. See First Amended Complaint at ¶ 1 (information obtained from Hoffmann letter dated 3/24/14) |
| 2. Plaintiff claimed he worked as a dishwasher and made almost no deliveries, and spent "almost his entire eleven hour shift" doing work other than deliveries. Id at ¶ 2 | Plaintiff *now* claims he only spent two hours of his shift doing non delivery work. Id at ¶ 2 (information obtained from Hoffmann letter dated 3/24/14) |
| 3. Plaintiff claimed he worked 55 hours per week. Id at ¶ 2 | Claim abandoned (information obtained from payroll records and wage statements attached to Hoffmann letter dated 3/24/14) |
| 4. Plaintiff claimed he worked "off the books" for $5.00 per hour. Id at ¶ 2 | Plaintiff *now* admits he was paid $5.65 per hour, the appropriate minimum rate for delivery employees. Id at ¶ 38 (information obtained from payroll records and wage statements attached to Hoffmann letter dated 3/24/14) |
| 5. Plaintiff claimed he worked for defendants for three months, from March to May 2013. Id at ¶ 2 | Plaintiff *now* admits he only worked for defendants for 8 days. Id at ¶ 2 (information obtained from payroll records and wage statements attached to Hoffmann letter dated 3/24/14) |
| 6. Plaintiff claimed he worked substantial overtime hours, and was not paid for it. Id at ¶ 2 | Claim abandoned (information obtained from payroll records and wage statements attached to Hoffmann letter dated 3/24/14) |
| 7. Plaintiff claimed he made complaints to his Manager about not being paid overtime compensation owed. Id at ¶ 2 | Claim abandoned (information obtained from payroll records and wage statements attached to Hoffmann letter dated 3/24/14) |
| 8. Plaintiff claimed he was never given a wage statement. Id at ¶¶ 78-79 | Claim abandoned (information obtained from wage statement attached to Hoffmann letter dated 3/24/14) |
| 9. Plaintiff claimed he was never given a EWTPA wage notice. Id at ¶¶ 78-79 | Claim abandoned (information obtained from EWTPA notice attached to Hoffmann letter dated 3/24/14) |

How does one reconcile the dramatic revisions to Mr. Agramonte's story set forth in your amended complaint filed only several weeks after your initial pleading? Did he have a sudden epiphany? Did he fall, hit his head and experience a dramatic improvement in his memory? I think not. Rather, it is obvious that he changed his story only because the documents we provided you with required him to do so. In other words, he makes it up as he goes and has no attachment whatsoever to the truth and apparently you don't either.

Mr. Agramonte's remaining allegations set forth in the amended complaint are as untruthful and fraudulent as the ones you have already been compelled to withdraw.

Once again, should you continue to prosecute this patently dishonest and frivolous action we will move pursuant to Rule 11 to impose sanctions against you and Mr. Agramonte and will seek recovery of the legal fees my client will be required to expend to defend and obtain the dismissal of the action.

Very truly yours,

Andrew S. Hoffmann

cc:   Steve Tenedios
      George Buono